
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:19-CR-37-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL INFORMATION |
| | ) | |
| DANIEL BRUCE ROSS | ) | |
| | ) | |

The United States Attorney charges, at all material times, unless otherwise noted:

## INTRODUCTION

### I. Entities and Individuals

1. The United States Department of Veterans Affairs ("VA") was an agency within the United States government responsible for administering a system of benefits for military veterans and service members (collectively, "veterans").

2. The Veterans Benefits Administration ("VBA") was a sub-agency of the VA responsible for administering non-medical benefits for veterans.

3. The Loan Guaranty Service division of the VBA ("VBA-LGY") administered a number of housing-related assistance programs for veterans. VA-LGY's operations were managed by one of eight Regional Loan Centers, each of which was responsible for a particular geographic area.

## II. SAH Grant Program

4. Among other benefits and programs, VA-LGY administered the Specially Adapted Housing ("SAH") grant program for and on behalf of veterans.

5. SAH grants were Federal funds provided to eligible veterans with certain severe, service-connected disabilities (e.g., loss of limbs) for the purpose of constructing an adapted home or modifying an existing home.

6. SAH Agents were VA-LGY employees who reported to one of VA-LGY's Regional Loan Centers. SAH Agents were responsible for administering and managing the SAH grant program, including recommending action on grant applications to supervisory VA-LGY officials.

7. During the grant application process, SAH Agents were entrusted to exercise various duties and responsibilities for and on behalf of the VA and the veterans it served. Among other things, SAH Agents were expected to personally meet with the veteran in his or her home, thoroughly explain grant program requirements, and assess the veteran's needs.

8. SAH Agents were required to discuss and emphasize the veteran's freedom of choice in selecting a builder. SAH Agents were prohibited from recommending any particular builder(s) to a veteran.

9. SAH Agents were required to discuss and advise the veteran of the need for competitive bids from at least three builders. If a veteran requested a waiver of this requirement, the request was required to (i) be in writing, (ii) signed by the veteran, and (ii) explain in the veteran's own words why the three-bid requirement

should be waived. SAH Agents were prohibited from drafting a waiver request for a veteran.

### III. Individuals and Entities

10. The defendant, DANIEL BRUCE ROSS, worked as an SAH Agent from approximately 2012 to 2017. ROSS was based in Fayetteville, North Carolina, within the Eastern District of North Carolina, and reported to the Atlanta Regional Loan Center.[1]

11. Person 1 was the president and co-owner of All American Home Renovations, LLC ("AAHR"), a North Carolina construction company incorporated on or about July 22, 2014 and based in Fayetteville.

12. AAHR became an approved VA builder on or about July 15, 2014. Thereafter, AAHR was the general contractor for numerous SAH grant projects in eastern North Carolina and elsewhere. AAHR derived most, if not all, of its revenue from SAH grant funds awarded to veterans.

13. DANIEL BRUCE ROSS and Person 1 were friends and co-owners of a home renovation business incorporated in North Carolina on or about May 28, 2013 and dissolved on or about May 10, 2016.

### COUNT ONE

14. Paragraphs 1 through 13 are re-alleged and incorporated herein as though fully set forth in this count.

---

[1] The Atlanta Regional Loan Center had jurisdiction over North Carolina, South Carolina, Georgia, and Tennessee.

3

15. Beginning from a date unknown, but no later than on or about April 30, 2015, and continuing until at least on or about December 15, 2015, both dates being approximate and inclusive, in the Eastern District of North Carolina and elsewhere, the defendant, DANIEL BRUCE ROSS, a public official as defined in 18 U.S.C. § 201(a)(1), did knowingly and willfully combine, conspire, confederate, and agree with one or more persons to commit offenses against the United States, *to wit*, to corruptly seek, receive, accept, and agree to receive something of value personally, namely, payments of United States currency, in return for being influenced in the performance of official acts, as defined in 18 U.S.C. § 201(a)(3), in violation of Title 18, United States Code, Section 201(b)(2)(A), and being induced to do or omit to do acts in violation of official duties, in violation of Title 18, United States Code, Section 201(b)(2)(C).

**MANNER AND MEANS**

Among the manner and means used to effect and accomplish the object of the conspiracy included, but were not limited to, the following:

16. Between approximately 2014 and 2015, DANIEL BRUCE ROSS was the assigned SAH Agent for multiple SAH grant projects where AAHR became the performing builder.

17. DANIEL BRUCE ROSS offered and agreed to use, and did use, his official government position as an SAH Agent for the benefit of AAHR, including, but not limited to, unlawfully steering SAH grant projects to AAHR in exchange for monetary payments from Person 1.

4

18. The actions and omissions of DANIEL BRUCE ROSS inhibited competition while enabling and promoting the explosive growth of AAHR's business.

19. DANIEL BRUCE ROSS actively concealed his personal and professional associations with, and the payments that he received from, PERSON 1 from VA officials.

20. In violation of his duties and responsibilities as an SAH Agent, among other things, DANIEL BRUCE ROSS deprived veterans of the freedom to select a builder by failing to properly advise veterans that they had such a choice, creating the impression with veterans and their representatives that AAHR was endorsed or selected for them by the VA, unlawfully sharing veteran information with Person 1, and otherwise misguiding veterans and their representatives through the SAH grant application process by his actions and omissions.

21. DANIEL BRUCE ROSS advised VA supervisory officials to approve and proceed with grant awards to veterans in which AAHR was improperly and deceptively designated as a particular veteran's "builder of choice."

22. In exchange for DANIEL BRUCE ROSS's official acts and violation of his official duties, Person 1 transferred, via checks and electronic transfer, funds totaling over $20,000 from AAHR to a bank account controlled by DANIEL BRUCE ROSS and registered in the name of his business, "RHB Construction."

## OVERT ACTS

In furtherance of the conspiracy, and to achieve the unlawful objects thereof, one or more conspirators committed and caused to be committed the following overt acts, among others, in the Eastern District of North Carolina and elsewhere:

23. On or about April 2, 2015, DANIEL BRUCE ROSS sent an email message to Person 1 that was captioned "New Vets Info" and included the names, addresses, and telephone numbers of multiple veterans whom DANIEL BRUCE ROSS was then-assigned to assist with the SAH grant process, including veteran L.A.

24. On or about July 24, 2015, Person 1, on behalf of AAHR, issued a $298.28 check to "RHB Construction" for the benefit of DANIEL BRUCE ROSS in connection with the SAH grant awarded to veteran L.A.

25. On or about August 24, 2015, Person 1, on behalf of AAHR, issued a $901.72 check to "RHB Construction" for the benefit of DANIEL BRUCE ROSS in connection with the SAH grant awarded to veteran L.A.

All in violation of Title 18, United States Code, Section 371.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

## FORFEITURE NOTICE

The defendant is given notice that all of the defendant's interest in all property specified herein is subject to forfeiture.

Upon conviction of the offense alleged in this Criminal Information, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), as made applicable by Title 28, United States Code, Section 2461(c), any property, which constitutes or is derived from proceeds traceable to the commission of the offense.

The forfeitable property includes, but is not limited to, the gross proceeds personally obtained by the defendant, in an amount of at least $21,520.

If any of the above-described forfeitable property, as a result of any act or omission of a defendant -

(1)   cannot be located upon the exercise of due diligence;

(2)   has been transferred or sold to, or deposited with, a third party;

(3)   has been placed beyond the jurisdiction of the court;

(4)   has been substantially diminished in value; or

(5)   has been commingled with other property which cannot be divided without difficulty;

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

ROBERT J. HIGDON, JR.
United States Attorney

ADAM F. HULBIG
Assistant United States Attorney
Criminal Division